UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| GEORGE R. GARNER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 08-CV-0777-CVE-FHM |
| ) | |
| EQUILON PIPELINE COMPANY, LLC, ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

Now before the Court is Plaintiff's Motion to Remand and Brief in Support (Dkt. # 14). Plaintiff asks the Court to remand this case to the District Court of Creek County, Oklahoma, because his claims arise out of a prior case between the same parties in workers' compensation court and defendant has not provided an adequate economic analysis showing that the amount in controversy exceeds $75,000.

On December 8, 2008, plaintiff filed this case in the District Court of Creek County, Oklahoma, alleging claims of breach of contract and bad faith against defendant Equilon Pipeline Company, LLC (Equilon). Dkt. # 2, Ex. 1. He alleges that he previously filed a claim against Equilon in workers' compensation court, and the workers' compensation court ordered Equilon to pay plaintiff's medical expenses for an injury suffered by plaintiff during the course of his employment. Id. at 2-3. Plaintiff asserts that Equilon has not paid his medical expenses as ordered by the workers' compensation court and, in its capacity as a self-insured entity, acted in bad faith by refusing to pay his medical expenses. Id. at 3. He also claims that the parties entered a settlement agreement on October 28, 2008 settling his workers' compensation case, and Equilon has

breached the settlement agreement. Id. at 4. In the original complaint, plaintiff seeks damages in excess of $10,000 for each claim for relief.

Equilon removed the case to this Court on December 31, 2008 on the basis of diversity jurisdiction under 28 U.S.C. § 1332. Equilon states that plaintiff is a citizen of Oklahoma, and Equilon is incorporated and has its principal place of business in Texas. Plaintiff does not dispute that the parties are diverse. Equilon provides the following statement concerning the amount in controversy requirement:

> The Plaintiff alleges breach of contract with a monetary value of $150,000.00 and seeks actual damages on two causes of action in excess of $10,000.00 each. Therefore, the amount in controversy in this action exceeds the sum of $75,000.00 exclusive of interests and costs.

Dkt. # 2, at 1-2. Plaintiff filed a motion to remand the case to state court. Dkt. # 14.

Plaintiff argues that his claims "arise under" Oklahoma's Worker's Compensation Act, OKLA. STAT. tit 85, § 1 et seq., and this case is not removable. Under 28 U.S.C. § 1445(c), "[a] civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States." This Court must apply federal law to determine whether a claim arises under the workmen's compensation laws of a state for removal purposes. Suder v. Blue Circle, Inc., 116 F.3d 1351, 1352 (10th Cir. 1997). Under federal law, the term "workmen's compensation laws" has been defined as a "statutorily created insurance system that allows employees to receive fixed benefits, without regard to fault, for work-related injuries." Arthur v. E.I. DuPont de Nemours & Co., 58 F.3d 121, 125 (4th Cir. 1995). When a statute creating a private right of action is located in a state's workmen's compensation act, that claim falls within § 1445(c) and is not removable to federal court unless the state law claim is completely preempted

by federal law. Humphrey v. Sequentia, Inc., 58 F.3d 1238 (8th Cir. 1995). An example of a claim arising under the workmen's compensation laws of Oklahoma is the retaliatory discharge claim created by OKLA. STAT. tit. 85, § 5. Suder, 116 F.3d at 1352. Common law claims generally do not arise under a state's workmen's compensation laws. Spearman v. Exxon Coal USA, Inc., 16 F.3d 722, 724 (7th Cir. 1994).

In this case, plaintiff's complaint alleges claims of breach of contract and bad faith based on Equilon's alleged failure to comply with orders of Oklahoma's Workers' Compensation Court. Plaintiff's bad faith claim against Equilon is governed by Sizemore v. Continental Casualty Co., 142 P.3d 47 (2006). In Sizemore, the Oklahoma Supreme Court was clear that a bad faith claim against a workers' compensation insurer was a common law tort claim and such a claim was permissible only after a workers' compensation award because it did not fall within the exclusive remedy provision of Oklahoma's Workers' Compensation Act. Id. at 52 ("Refusal to pay an award does not 'arise out of' the worker's employment because there is no casual nexus between the conditions under which the work was performed and the resulting injury.") (emphasis added). However, on the record before the Court, there is no evidence of a workers' compensation award.[1] Thus, there would be no basis for this Court to exercise jurisdiction over the alleged bad faith claim.

---

[1] The Court notes the irony of plaintiff's argument that removal was improper because the full amount of the settlement agreement is not yet in dispute. In plaintiff's motion to remand, he argues that the parties have not submitted a joint petition to the workers' compensation court and defendant's assertion that the settlement agreement places up to $150,000 in dispute is premature. Dkt. # 14, at 1-2. The breach of contract claim alleged in plaintiff's complaint concerns defendant's agreement to pay for plaintiff's interim medical expenses. Id. at 2; Dkt. # 14-2, at 1. This is part of the settlement agreement, not an order of the workers' compensation court. Although the Court finds that this case should be remanded to state court and lacks the power to dismiss any claims, Cunningham v. BHP Petroleum Great Britain PLC, 427 F.3d 1238, 1245 (10th Cir. 2005), plaintiff's reasons for seeking a remand seem to conflict with his allegations of bad faith and this has complicated review of his motion to remand.

Plaintiff's breach of contract claim concerns an executory settlement agreement entered by plaintiff and Equilon to resolve plaintiff's workers' compensation case.[2] Under the unique facts of this case, the Court finds that plaintiff's breach of contract claim arises under the workmen's compensation laws of Oklahoma and is not subject to removal. The settlement agreement was entered into as part of plaintiff's workers' compensation case, and requires the parties to submit a joint petition for $120,000 to the Oklahoma Workers' Compensation Court after the federal government has approved a medical savings account, or "Medicare set-aside." Dkt. # 14-2, at 1. The joint petition will be filed with and approved by the workers' compensation court, and the employer will not be released from further liability to plaintiff until the joint petition is approved. Id. Equilon is responsible for plaintiff's medical expenses on an interim basis until the joint petition is approved. Thus, the settlement agreement is procedurally part of plaintiff's workers' compensation case, and the parties are subject to the continuing jurisdiction of the workers' compensation court. In this case, the federal government has not approved a Medicare set-aside and the joint petition has not been submitted to the workers' compensation court. Dkt. # 14-2, at 1-2. Until the joint petition is approved and Equilon is released from further liability by the workers' compensation court, the settlement agreement is simply an executory resolution of an active workers' compensation claim. Therefore, plaintiff's breach of contract claim either arises under the workmen's compensation laws of Oklahoma for purposes of § 1445(c), or is premature (i.e., not ripe), and plaintiff's claims are not removable to federal court.

---

[2]  Plaintiff has attached a copy of the settlement agreement as an exhibit to his motion to remand. Dkt. # 14-2, at 3.

Plaintiff also argues that defendant's notice of removal does not set forth sufficient facts demonstrating that the amount in controversy requirement of diversity jurisdiction has been satisfied. A case must be remanded to state court if at any time before final judgment it appears the court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). Initially, the Court notes that federal courts are courts of limited jurisdiction. With respect to diversity jurisdiction, "[d]efendant's right to remove and plaintiff's right to choose his forum are not on equal footing; for example, unlike the rules applied when plaintiff has filed suit in federal court with a claim that, on its face, satisfies the jurisdictional amount, removal statutes are construed narrowly; where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand." Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994).

In order for a federal court to have diversity jurisdiction, the amount in controversy must exceed $75,000. 28 U.S.C. § 1332(a). Plaintiff's complaint seeks in excess of $10,000 for each claim for relief and does not facially establish that the amount in controversy exceeds $75,000.[3] The Tenth Circuit has clarified the analysis which a district court should undertake in determining whether an amount in controversy is greater than $75,000. The Tenth Circuit stated:

> [t]he amount in controversy is ordinarily determined by the allegations of the complaint, or, where they are not dispositive, by the allegations in the notice of removal. The burden is on the party requesting removal to set forth, in the notice of removal itself, the "underlying facts

---

[3] In Oklahoma, the general rules of pleading require that:

> [e]very pleading demanding relief for damages in money in excess of Ten Thousand Dollars ($10,000) shall, without demanding any specific amount of money, set forth only that amount sought as damages is in excess of Ten Thousand Dollars ($10,000), except in actions sounding in contract.

Okla. Stat. tit. 12, § 2008(2).

5

> supporting [the] assertion that the amount in controversy exceeds [$75,000]." Moreover, there is a presumption against removal jurisdiction.

Laughlin v. Kmart Corp., 50 F.3d 871, 873 (10th Cir. 1995) (citations omitted) (emphasis in original); e.g., Hughes v. E-Z Serve Petroleum Marketing Co., 932 F. Supp. 266 (N.D. Okla. 1996) (applying Laughlin and remanding case); Barber v. Albertson's, Inc., 935 F. Supp. 1188 (N.D. Okla. 1996) (same); Martin v. Missouri Pacific R.R. Co. d/b/a Union Pacific R.R. Co., 932 F. Supp. 264 (N.D. Okla. 1996) (same); Herber v. Wal-Mart Stores, 886 F. Supp. 19, 20 (D. Wyo. 1995) (same); Homolka v. Hartford Ins.. Group, Individually and d/b/a Hartford Underwriters Ins.. Co., 953 F. Supp. 350 (N.D. Okla. 1995) (same); Johnson v. Wal-Mart Stores, Inc., 953 F. Supp. 351 (N.D. Okla. 1995) (same); Maxon v. Texaco Ref. & Marketing Inc., 905 F. Supp. 976 (N.D. Okla. 1995) (same).

Further, "both the requisite amount in controversy and the existence of diversity must be affirmatively established on the face of either the petition or the removal notice." Laughlin, 50 F.3d at 873; see also Associacion Nacional de Pescadores a Pequena Escala o Artesanales de Colombia (Anpac) v. Dow Quimica de Colombia S.A., 988 F.2d 559, 565 (5th Cir. 1993) (finding defendant's conclusory statement that "the matter in controversy exceeds [$75,000] exclusive of interest and costs" did not establish that removal jurisdiction was proper); Gaus v. Miles, Inc, 980 F.2d 564 (9th Cir. 1992) (mere recitation that the amount in controversy exceeds $75,000 is not sufficient to establish removal jurisdiction).

Where the face of the complaint, as here, does not affirmatively establish the requisite amount in controversy, the plain language of Laughlin requires a removing defendant to set forth, in the removal documents, not only the defendant's good faith belief that the amount in controversy

exceeds $75,000, but also facts underlying the defendant's assertion. In other words, a removing defendant must set forth specific facts which form the basis of its belief that there is more than $75,000 at issue in the case. The removing defendant bears the burden of establishing by a preponderance of the evidence federal court jurisdiction at the time of removal, and not by supplemental submission. Laughlin, 50 F.3d at 873; Herber, 886 F. Supp. at 20 (holding that the jurisdictional allegation is determined as of the time of the filing of the notice of removal). The Tenth Circuit has clearly stated what is required to satisfy that burden. As set out in Johnson v. Wal-Mart Stores, Inc., 953 F. Supp. 351 (N.D. Okla. 1995), if the face of the petition does not affirmatively establish that the amount in controversy exceeds $75,000, then the rationale of Laughlin contemplates that the removing party will undertake to perform an economic analysis of the alleged damages with underlying facts.

The Tenth Circuit has recently clarified a defendant's burden to establish facts supporting the amount in controversy by a preponderance of the evidence. In McPhail v. Deere Co., 529 F.3d 947 (10th Cir. 2008), the Tenth Circuit described the historical roots of diversity jurisdiction and noted that diversity jurisdiction was designed to protect out of state defendants from prejudice in state courts. Id. at 953. However, both Supreme Court and Tenth Circuit precedent places the burden on the removing defendant to establish diversity jurisdiction with "actual proof of jurisdictional facts . . . at a stage in the litigation when little actual evidence is yet available." Id. Under McPhail, the defendant bears the burden to prove the jurisdictional facts by a preponderance of the evidence and, once the jurisdictional facts are established, uncertainty about the amount the plaintiff may recover justifies dismissal only if it is "legally certain" that plaintiff could not recover in excess of $75,000. Id. at 955 (citing Meridian Security Ins. Co. v. Sadowski, 441 F.3d 536, 543

(7th Cir. 2006)). The Tenth Circuit identified several methods that a removing defendant may use to prove the jurisdictional facts by a preponderance of the evidence when the complaint relies on state court pleading rules that do not require the plaintiff to allege a specific amount of damages. First, the defendant may rely on facts stated in the complaint to estimate the amount of damages plaintiff is seeking. Id. at 955-56. Second, a defendant may rely on other documents, such as discovery responses, affidavits, or other "summary-judgment-type evidence" that may be in defendant's possession. Id. at 956 (citing Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002)). Third, any settlement offers between the parties suggesting that the amount in controversy exceeds $75,000 should be considered by the district court. Id. at 956.

In this case, defendant's bare assertion in its notice of removal that the case concerns a "contract with a monetary value of $150,000.00" does not satisfy Laughlin's requirement that the removing party show by a preponderance of the evidence that the amount in controversy exceeds $75,000. This statement does not give any indication if any amount is owed under the contract, whether any amount has been paid, or if the full amount of the contract is actually in dispute. Laughlin and McPhail contemplate that the removing party will undertake an "economic analysis" of the plaintiff's claims and show by a preponderance of the evidence that the amount in controversy exceeds $75,000. Defendant's notice of removal does not contain any analysis of plaintiff's claims.[4]

---

[4]  Even though defendant does not provide a copy of the settlement agreement, plaintiff has attached a copy of the settlement agreement to his motion to remand. The plain language of the settlement agreement shows that the full value of the settlement agreement is not currently in controversy. The settlement agreement contemplates that the parties will submit a joint petition of $120,000 to the workers' compensation court and request a Medicare set-aside of $30,000. However, the $30,000 Medicare set-aside must be approved before the joint petition can be submitted. The current dispute between the parties concerns the payment of plaintiff's interim medical expenses and plaintiff estimates these expenses to be about $1,000. Dkt. # 14-2, at 2. While this information is not contained in the notice of

8

Considering the presumption against removal jurisdiction and defendant's failure to offer an economic analysis of plaintiff's claims, the Court finds that defendant's assertion that plaintiff's claims concern a contract with a "value of $150,000" is insufficient to show by a preponderance of the evidence that the amount in controversy exceeds $75,000, and this case should be remanded to the District Court of Creek County.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Remand and Brief in Support (Dkt. # 14) is **granted**. The Court Clerk is hereby directed to **remand** this case to the District Court of Creek County, Oklahoma.

**DATED** this 12th day of March, 2009.

_____<br>
CLAIRE V. EAGAN, CHIEF JUDGE<br>
UNITED STATES DISTRICT COURT

---

removal or plaintiff's complaint, the Court has an obligation to determine whether it has subject matter jurisdiction over this dispute and defendant should have provided a thorough analysis of plaintiff's claims in its notice of removal. The additional information provided by plaintiff significantly undermines defendant's assertion that the amount in controversy exceeds $75,000 and it should be considered.